Wright, J.,
delivered the opinion of the Court.
Samuel and Isaac McMahan brought an action of debt against the plaintiff in error, and one McTeer upon a bill single for $604.30, dated the 5th of December, 1855, and obtained judgment. The case, as to McNutt, was tried upon a plea of non est factum. He moved: for a new trial, which being refused by the Circuit Court, he filed his bill of exceptions, and has brought *100 the case to this Court by an appeal in the nature of a writ of error.
It appeared in the proof that the bond in controversy, together with other bonds, had been, signed in blank by McNutt, with his seal and signature, and that, afterwards, they had been filled up by one Bowerman, by writing the entire bond above his signature — he not being present, but some five miles distant. This was done about the time the bond bore date. It was proved by Samuel B. Henderson and others, that before the suit was brought, McTeer had failed in business, and that they informed McNutt of it, and that he spoke of being McTeer’s security, and did not deny that he was his security, and asked if McTeer had lifted the notes; and being told he had not, he requested one of the plaintiffs to hold on until he could go to Knoxville and try to get a deed of trust of McTeer. And he also requested the witness, and one of the plaintiffs, to leave their notes -at Samuel McMahan’s house, so that, in passing, he could get a memorandum of the date and amount — the bonds not being then present.
The plaintiffs then proved, by Eliza Henderson, that early in January, 1857, she was at the house of Samuel McMahan when McNutt came there and inquired for his note, and asked to see it; that the wife of. McMahan produced the bond in controversy, when he said, there is my note — there it is; and that he then read it, or looked at it, and took a memorandum from it, and then said he was in for McTeer to the amount of $2,300, and was on his way to Knoxville to get a deed of trust, and handed the note back to Mrs. McMahan. It was further proved that McNutt, while in *101 Knoxville, took the advice of counsel, for the purpose of resisting the collection of this and the other notes executed at the same time.
The counsel of McNutt asked the Court to charge the jury, that unless when the defendant McNutt handed the note to Mrs. McMahan, he intended thereby to become bound for it, it would not be a re-delivery; and that, if he only intended to restore to Mrs. McMahan the nominal custody and possession of the note, and to leave the rights of the parties unchanged, and as they were previously, then the transaction would not be a valid re-delivery. But the Court refused so to charge, and instructed the jury, that if the defendant returned the note to the wife of the plaintiff as his note,' intending to be bound by it, this would be a valid delivery, and obligatory upon him. But that if the jury should find, from the proof, that the defendant only called for the note to take a memorandum of the date and amount, and returned it without intending to be bound by it, the mere fact of his having it in his hand, and returning it, would not bind him.
It is conceded, in argument here, by the counsel of both parties, that this bond, as to McNutt, was originally void: and that, unless he became bound by the transaction which took place with Mrs. McMahan, he is not bound at all.
The rule laid down in Turbeville v. Ryan, 1 Hum., 113, and followed by this Court in Smith et al. v. Dickinson, 6 Hum., 261, is, that to authorize the execution of a deed in the name of another, the authority must be by deed; and no previous parol assent, or subsequent adoption, will bind the party, unless it be ac *102 knowledge! and re-delivered. The same rule is laid down in the late case of Mosby v. The State of Arkansas, 4 Sneed, 324.
Testing the case under consideration by this rule, we think the verdict of the jury wholly unsupported by the proof. It is most palpable that the defendant’s object in visiting Samuel McMahan’s house, was to get a, memorandum of the date and amount of the bond, either with a view of getting a deed of trust of McTeer, or of resisting its collection by some supposed legal defence; and that in all that he did, from first to last, there was nothing that, in law, amounted to an acknowledgment and re-delivery of this bond.
If his object was to use his legal defences against it, then he could have no motive to re-deliver it, or in any way to bind himself in an engagement from which he was already absolved. If, on the other hand, as is most probable, he then supposed himself legally liable, why should he again acknowledge and re-deliver this deed. The idea of a re-delivery implies that the party should do something equal to the making of a new deed; that, by some act, .of. declaration, he should acknowledge and re-deliver a writing — which was before impeachable and invalid — intending thereby to make it his z-déed.
In this view of the case, we also think the charge of the Circuit judge to the jury was erroneous.
Reverse the judgment, and remand the cause.